## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| AMY AVERY SAMPSON, ET AL. | CIVIL ACTION NO. 10-1834 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GATX, CORP., ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is GATX, Corporation ("GATX") and Clifton Kirby's ("Kirby") Motion for Summary Judgment and supplemental memorandum in support of this motion. (Record Document 26; Record Document 37). After consideration of this motion and Amy Sampson's response in opposition (Record Document 45), the defendants' motion for summary judgment is **GRANTED**.

### BACKGROUND

GATX is "in the business of leasing and selling rail cars and provides inspection and repair services in connection with the maintenance of those cars." (Record Document 37-1). Shannon Lloyd Sampson ("Sampson") was employed by GATX as a Senior Service Field Specialist in Minden, Louisiana. (Record Document 26-4 at 8). On March 12, 2010, Sampson was working on a team tasked with inspecting three railcars located at the Minden, Louisiana facility. See id. During Sampson's inspection of the railcars, Sampson was not using any safety-hoist equipment. (Record Document 26-4 at 9). "After entering the railcar, Mr. Sampson was unable to exit and asphyxiated." Both parties concede the environment within the railcar was hazardous. See id. Plaintiff, Amy Avery Sampson, is the surviving spouse of Sampson and brings this action individually and on behalf of their two

children. Along with GATX and Kirby, GATC Corporation, Honeywell International Inc., and Kansas City Southern Railway Company are also made defendants.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See Id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

---

[1]The Court notes that the newly amended Rule 56 requires that there be "no genuine *dispute* as to any material fact," but this change does not alter the Court's analysis.  F.R.C.P. 56(a) and advisory committee's note (emphasis added).

**ANALYSIS**

GATX and Kirby initially filed a motion for summary judgment focusing on the argument that all of Sampson's claims against them were barred by the Louisiana Worker's Compensation Act, La. R.S. §23:1031, *et seq.* ("LWCA") because none of the action alleged rose to the level of an intentional tort. (Record Document 26). However, GATX and Kirby then filed a Supplemental Memorandum in Support of their previously filed motion focusing on the plaintiff's assertion that GATX was a "common carrier by railroad" under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* ("FELA") (Record Document 37). GATX also argues that summary judgment is appropriate for all claims against GATC Corporation because the entity no longer exists. (Record Document 37 at 4).

In response to the motion filed by GATX and Kirby, Amy Sampson does not oppose summary judgment for all claims against Kirby and on the issue of whether or not Kirby's actions rose to the level of an intentional tort. Further, plaintiffs do not oppose summary judgment against GATC Corporation. (Record Document 45 at 19). Therefore, summary judgment in favor of GATX and Kirby is appropriate for all claims against Kirby and on the issue of whether or not Kirby's actions rose to the level of an intentional tort. Further, summary judgment is appropriate for all claims against GATC Corporation as both parties agree it is no longer a legal entity.

This only leaves the issue of wether or not the LWCA provides the exclusive remedy for the plaintiffs or if, in this instance, the FELA trumps the LWCA. This issue turns on if GATX qualifies as a common carrier within the meaning of the FELA.

## FELA

The FELA has been labeled a " 'broad remedial statute' whose objective is 'to

provide federal remedy for railroad workers who suffer personal injuries as a result of

the negligence of their employer,' and which is to be 'liberal[ly] constr[ued]' to achieve

that objective." <u>Greene v. Long Island R. Co.</u>, 280 F.3d 224, 229 (2nd Cir. 2002).

(quoting <u>Atchison, Topeka & Santa Fe Ry. Co. v. Buell</u>, 480 U.S. 557, 561–62 (1987)).

The FELA, in part, reads:

> Every *common carrier by railroad* while engaging in commerce
> between any of the several States or Territories, or between
> any of the States and Territories, or between the District of
> Columbia and any of the States or Territories, or between the
> District of Columbia or any of the States or Territories and any
> foreign nation or nations, shall be liable in damages to any
> person suffering injury while he is employed by such carrier in
> such commerce, or, in case of the death of such employee, to
> his or her personal representative, for the benefit of the
> surviving widow or husband and children of such employee;
> and, if none, then of such employee's parents; and, if none,
> then of the next of kin dependent upon such employee, for
> such injury or death resulting in whole or in part from the
> negligence of any of the officers, agents, or employees of such
> carrier, or by reason of any defect or insufficiency, due to its
> negligence, in its cars, engines, appliances, machinery, track,
> roadbed, works, boats, wharves, or other equipment.

48 U.S.C. §51 (emphasis added). Therefore, in order for the FELA to apply in this claim,

GATX must be a "common carrier by railroad." The Supreme Court has defined a "common

carrier by railroad" as "one who operates a railroad as a means of carrying for the

public,-that is to say, a railroad company acting as a common carrier. This view not only

is in accord with the ordinary acceptation of the words, but is enforced by the mention of

cars, engines, track, roadbed and other property pertaining to a going railroad." <u>Edwards</u>

v. Pacific Fruit Exp. Co., 390 U.S. 538,540 (1968). The Fifth Circuit has stated that "[a] common carrier has been defined generally as one who holds himself out to the public as engaged in the business of transportation of person or property from place to place for compensation, offering his services to the public generally. The distinctive characteristic of a common carrier is that he undertakes to carry for all people indifferently, and hence is regarded in some respects as a public servant."  Lone Star Steel Company v. McGee, 380 F.2d 640, 643 (5th Cir. 1967). Finally, the burden of proving the FELA applies rests with the plaintiff. Rabb v. East Cameron & Highland Railroad Co., 2009 WL 960105 (W.D. La. April 8, 2009).

Common Carrier By Railroad

It is clear from the history of cases in this area that a mere connection with a railroad is not sufficient to be deemed a "common carrier by railroad." The Supreme Court has held that "there exist a number of activities and facilities which, while used in conjunction with railroads and closely related to railroading, are yet not railroading itself." Edwards v. Pacific Fruit Exp. Co., 390 U.S at 540.

Lone Star Steel Company v. McGee[2], a case that predates Edwards, identified four "considerations" to aid a court in determining if a company was a "common carrier by railroad,"

> First— actual performance of rail service, second— the service being performed is part of the total rail service contracted for by a member of the public, third— the entity is performing as part

---

[2]Lone Star Steel focused its analysis on the fact that the defendant's parent company was undoubtedly a common carrier by railroad. Due to the connexity between the parent company and the subsidiary defendant, the could held the subsidiary was also a common carrier by railroad.

> of a system of interstate rail transportation by virtue of common
> ownership between itself and a railroad or by a contractual
> relationship with a railroad, and hence such entity is deemed
> to be holding itself out to the public, and fourth— remuneration
> for the services performed is received in some manner, such
> as a fixed charge from a railroad or by a percent of the profits
> from a railroad."

380 F.2d at 647.

GATX claims that when using these considerations, it is clear that GATX is not a

common carrier. In an affidavit, Paul Titterton, the Vice-President of GATX Corporation,

stated:

> GATX is not a common carrier.  GATX is not engaged in the
> business of transporting persons or property from place to
> place for competition, and it does not hold itself out to the
> public to be engaged in such business.  GATX does not
> operate a railroad as a means of carrying for the public.  GATX
> does not perform rail service, nor does it do so by contract with
> any member of the public.

(Record Document 37-2). Further, GATX claims it does not operate a railroad and is

specifically prohibited from doing so in its Restated Certificate of Incorporation. (Record

Document 37 at 4).[3]

Plaintiff argues that GATX is a common carrier. In response to GATX's Motion for

Summary Judgment, plaintiff goes through each of the four considerations listed in Lone

Star Steel. Regarding the first consideration, the actual performance of rail services,

plaintiff offers a broad definition of "rail services." Plaintiff offers evidence that GATX is

undoubtedly heavily involved with the railroad industry and does provide a service that is

---

[3]This argument carries little weight. "Whether a transportation agency is a common
carrier depends not upon its corporate character or declared purposes, but upon what it does."
Lone Star Steel v. McGee, 380 F.2d at 648 (citing United States v. State of California, 297 U.S.
175 (1936)). While GATX is not a transportation agency, the reasoning is valid in this instance.

closely related to the rails. (Record Document 45 at 5-7). However, from a reading of cases like Lone Star Steel and Edwards, it is clear that alone, this relation is not sufficient to be considered "rail services." As quoted *supra*, "there exist a number of activities and facilities which, while used in conjunction with railroads and closely related to railroading, are yet not railroading itself." Edwards v. Pacific Fruit Exp. Co., 390 U.S. at 540. Therefore, this broad definition of "rail services" is not in line with the case law. In Lone Star Steel, it appears that the rail services discussed dealt more with actual transportation services and not ancillary railroad work such as leasing railcars.[4] Here, it is undisputed that GATX is in the business of leasing and maintaining rail cars and plaintiff offers no evidence that GATX actually carries for the public. Therefore, it appears that GATX does not perform "rail services" as is meant in cases such as Lone Star Steel and Edwards.

The third[5] consideration of Lone Star Steel is whether or not "the entity is performing as part of a system of interstate rail transportation by virtue of common ownership between itself and a railroad or by a contractual relationship with a railroad, and hence such entity is deemed to be holding itself out to the public." Lone Star Steel Company v. McGee, 380 F.2d at 647. Plaintiff does not argue that GATX is a railroad through ownership but rather through a contractual relationship with a railroad. (Record Document 45 at 8). Specifically,

---

[4]As GATX notes, Lone Star Steel "refers in this context to 'rail service' as 'carriage for other industries' or 'transporting for others.' " (Record Document 49 at 5).

[5]The second consideration of Lone Star Steel turns the analysis to whether or not "the service being performed is part of the total rail service contracted for by a member of the public." Lone Star Steel Company v. McGee, 380 F.2d at 647. Plaintiff argues that because GATX serves "approximately 900 customers," clearly it offers rail services to the public. Since the Court has already determined that GATX does not offer "rail services" as meant by Lone Star Steel, this consideration need not be addressed.

plaintiff offers a contract between GATX and Allied Corporation.[6] This is a lease contract regarding railcars. GATX states the existence of this contract is inconsequential as Allied is not a railroad. (Record Document 49 at 18). Regardless, GATX does admit that it leases railcars to railroads. See id. However, the Court agrees with GATX that this does not make it a "common carrier by railroad" as GATX, through leasing railcars, is not holding itself out to the public that it will transport anything. Rather, GATX is holding itself out to the public that it will lease companies railcars for those companies to transport items through the rails.[7]

The final consideration requires that "remuneration for the services performed is received in some manner, such as a fixed charge from a railroad or by a percent of the profits from a railroad." Lone Star Steel Company v. McGee, 380 F.2d at 647. Plaintiff again takes a broad approach to this consideration noting that GATX does receive value for the services it provides. (Record Document 45 at 8-9). GATX, however, appears to properly frame the question: does the entity receive compensation from a railroad "for providing rail services that are a portion of the total rail services provided by the railroad?" (Record Document 49 at 14). Here, GATX merely leases railcars to a railroad. As found previously, these are not rail services as discussed in the other cases. Therefore, GATX is not receiving any compensation or remuneration for any rail services.

---

[6]Allied later became Honeywell, a co-defendant of GATX's in this matter. (Record Document 45 at 8).

[7] "The distinctive characteristic of a common carrier is that he undertakes to carry for all people indifferently, and hence is regarded in some respects as a public servant. The dominant and controlling factor in determining the status of one as a common carrier is his public profession as to the service offered or performed." Kelly v. General Electric Company, 110 F.Supp. 4, 6 (E.D. Penn. 1953).

With the guidance from Lone Star Steel, it becomes clear that GATX is not a common carrier by rail. This outcome is supported by the Edwards case. In Edwards, the defendant leased and maintained refrigerator rail cars to railroads. The defendant also had yards and facilities for repair and storage of its cars. Edwards, 390 US at 539-540. After defining what a common carrier was[8], the Supreme Court stated, "This interpretation of the Act with its references to 'operat(ing) a railroad' and a 'going railroad' would indicate that the business of renting refrigerator cars to railroads or shippers and providing protective service in the transportation of perishable commodities is not of itself that of a 'common carrier by railroad.' " The same logic applies to GATX. It is undisputed that GATX does not operate a railroad as a means of carrying for the public and the Court has previously found that GATX does not contract with a railroad to perform rail services. In this instance, there is no probative distinction in renting a refrigerator car and simply renting a railcar.[9]

The plaintiff's view of a "common carrier by railroad" would encompass most any service provided to the furtherance of the transportation of people or property through the rails. This clearly is not what the FELA intended.  Again, as the Supreme Court stated in Edwards that "there exist a number of activities and facilities which, while used in

---

[8]As defined *supra*, "one who operates a railroad as a means of carrying for the public,-that is to say, a railroad company acting as a common carrier. This view not only is in accord with the ordinary acceptation of the words, but is enforced by the mention of cars, engines, track, roadbed and other property pertaining to a going railroad." Edwards, 390 US at 540.

[9]Plaintiff argues that Edwards should not apply because there was some discussion in the opinion regarding the legislative history of the FELA. This history showed a Congressional intent to exclude refrigerator cars from the FELA. While this language is present in the case, it is clear from the cited portions in this opinion that the legislative history is not the only consideration the Supreme Court relied upon.

conjunction with railroads and closely related to railroading, are yet not railroading itself."
Edwards v. Pacific Fruit Exp. Co., 390 U.S. at 540. Further, the definition of a common carrier given by the Fifth Circuit in Lone Star Steel makes it clear that a common carrier is in the "business of transportation of person or property from place to place for compensation, offering his services to the public generally." Lone Star Steel, 380 F.2d at 643. Simply leasing and maintaining railcars is not synonymous with transporting person or property through the rails and therefore GATX is not a "common carrier by railroad."

## CONCLUSION

Summary judgment is appropriate for all claims against GATC Corporation and Clifton Kirby as the plaintiff concedes it is proper as to those claims. Further, any claim regarding the injury involved being caused by an intentional tort is dismissed as plaintiff also concedes this point.

Further, summary judgment is appropriate for the remaining claims against GATX as the relief plaintiff seeks is limited solely to the Louisiana Workers Compensation Act because GATX is not a "common carrier by railroad" and, therefore, is not governed by the Federal Employers' Liability Act.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment (Record Document 26) filed by defendant GATX Corporation be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that all of Plaintiff Amy Sampson's claims against GATX Corporation be and are hereby **DISMISSED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of March, 2012.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE